IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:09-825-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Angelo Donnell Brown,<br>              Defendant. | |

This case comes before the court on Defendant's Motion for Relief Under First Step Act of 2018. ECF No. 1699. The Government filed a Response in Opposition. ECF No. 1704. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 1698.

The court has reviewed the above filings as well as the Superseding Indictment (ECF No. 319), Defendant's Plea Agreement (ECF No. 537), Transcript of Rule 11 hearing (ECF No. 1712), and PreSentence Report ("PSR") (ECF No. 1698-1), and concludes that Defendant is not eligible for relief under the First Step Act.

It was charged in Count 1 of the Superseding Indictment that Defendant:

> knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); All in violation of Title 21, United States Code, Section 846.

ECF No. 319 at 1.

Defendant thereafter entered into a Plea Agreement that provided for a plea to a lesser included offense:

> The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment now pending, which charges conspiracy to possess with intent to distribute cocaine and "crack" cocaine, said conspiracy involving 5 grams or more of "crack" cocaine and 500 grams or more of cocaine, . . . a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).
>
> In order to sustain its burden of proof as to these offenses,[1] the Government is required to prove the following:
>
> Count 1
>
> (1) The conspiracy was knowingly and willfully formed and was in existence on or about the dates set forth in the Superseding Indictment;
> (2) The defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose; and
> (3) The defendant distributed 5 grams of "crack" cocaine and 500 grams or more of cocaine, agreed to the distribution of those quantities or the distribution of those quantities was reasonably foreseeable to the defendant and within the scope of his agreement.
>
> Possible Penalties for 21 U.S.C. § 846
> A mandatory minimum term of 10 years, a maximum of life, a maximum fine of $4 million dollars, a term of supervised release of 8 years and a $100.00 special assessment.[2]

ECF No. 537 at 1-2.

---

[1] The Plea Agreement appears to originally have included a plea of guilty to an additional count of the Superseding Indictment; however, that was stricken from the Agreement. The Rule 11 hearing transcript reflects Defendant pled guilty only to the lesser included offense of Count 1. ECF No. 1712.

[2] Defendant's mandatory minimum was enhanced based on a prior felony drug conviction. 21 U.S.C. § 851.

At the Rule 11 hearing, the court advised Defendant:

> In order to prove this charge, the government would have to be able to prove several things. First, they would have to prove there was such a conspiracy, it was willfully and knowingly formed, and it was in existence on or about those dates that are set forth in the indictment. Secondly, they would have to prove that you at some point joined in this conspiracy with knowledge of its unlawful purpose. And then they would have to be able to prove that you, Mr. Brown, either personally distributed five grams or more of crack and 500 grams or more of powder, or you agreed to assist others in doing it, or it was reasonably foreseeable to you and within the scope of your agreement that this would be done by members of the conspiracy. Do you understand the charge and what the Government would have to prove?
> Mr. Walker: Yes, Your Honor.

ECF No. 1712 at 31-32.

The Government, through FBI Special Agent Michael Stansbury, summarized the evidence against Defendant, explaining Defendant "joined this conspiracy . . . sometime in 2007" and "was involved in the conspiracy to obtain cocaine and actually sell crack cocaine." *Id.* at 34. He explained Defendant "himself was involved in distributing more than five grams of crack cocaine," and "because he was primarily buying cocaine over the life of this conspiracy, he himself was getting at least 500 grams of cocaine. And if he contested – it's close – if he contested he got 500 grams, at least it was reasonably foreseeable to him that he got 500 grams . . ." *Id.*

Thereafter the court inquired of Defendant as follows:

> The court: Mr. Brown, do you agree or disagree with Mr. Stansbury's description of what you did?
> Mr. Brown: Agree.
> . . .
> The court: All right. Then how do you wish to plead to the lesser included offense of count 1 of the superseding indictment, not guilty or guilty?
> Mr. Brown: Guilty.

*Id.* at 35:15:22-24, 36:4-7.

3

The PSR described Defendant's involvement in a large drug trafficking organization which distributed multi-ounce to multi-kilogram quantities of cocaine and cocaine base in the Columbia area of South Carolina. ECF No. 1698-1 at ¶ 17. The PSR notes Defendant "obtained multi-gram quantities of cocaine and/or crack from sources . . . which he then distributed to others during the course of the conspiracy." *Id.* The PSR, however, did not seek to account for the total amount of cocaine and cocaine base attributable to the conspiracy to which Defendant entered a plea of guilty. Rather, it was aimed at establishing an amount that would determine Defendant's Guideline range within the statutory limits of Count 1, to which Defendant had admitted guilt as to five grams of "crack" cocaine and 500 grams or more of cocaine.

The court will deny Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to possess with intent to distribute five grams or more of cocaine base <u>and</u> 500 grams or more of cocaine. He admitted he agreed with the Special Agent's recitation of the facts, that Defendant was "involved" with at least five grams of cocaine base and 500 grams of cocaine during the conspiracy. His statutory penalty was not therefore controlled only by his guilty plea to conspiracy involving five grams or more of cocaine base. Because he also admitted guilt to conspiracy to distribute 500 grams or more of cocaine, his statutory penalty range was 10 years to Life.

The intent of the First Step Act's cocaine base penalty changes was to provide Fair Sentencing Act relief to those whose statutory range was driven by cocaine base disparities before the passage of the Fair Sentencing Act. Persons convicted of cocaine base offenses, but whose statutory ranges were not affected, are not eligible for relief. That is what happened here.

4

Defendant's cocaine base conviction had no effect on his statutory range because he faced the same range on his conviction for cocaine.

The First Step Act amended penalties for cocaine base, but not cocaine. Because Defendant also admitted guilt to a cocaine offense carrying the same penalty, he is not eligible for relief. For reasons set forth above, Defendant's Motion for Relief Under First Step Act (ECF No. 1699) is denied.[3]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
May 14, 2019

---

[3] Because Defendant is not eligible for relief, the court does not reach Defendant's argument that he is entitled to a full resentencing at which he would no longer be considered a career offender.

5